### In the Matter of Brian David ALPERT.

### No. 98S00–0007–DI–396.

Supreme Court of Indiana.

Oct. 6, 2000.

### ORDER FINDING MISCONDUCT AND IMPOSING RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission has filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause,* wherein it states that the respondent, Brian David Alpert, has been disciplined by the Supreme Courts of Illinois and Arizona and requests, pursuant to Ind. Admission and Discipline Rule 23, Section 28(b), that identical reciprocal discipline be imposed in this state. Although this Court issued an *Order to Show Cause Why Reciprocal Discipline Should not be Imposed,* the respondent has not responded, and, accordingly, this case is now before us for final resolution.

We now find that the respondent was admitted to the bar of this State on October 13, 1976. The respondent tendered an affidavit to the Clerk of the Supreme Court of Indiana on July 9, 1980, pursuant to Admis.Disc.R. 23(21)(b) placing his Indiana license in inactive status.

On May 25, 1999, the Supreme Court of Illinois issued an order disbarring the re-

spondent in that state for forming an "improper alliance" with a nonlawyer, filing fraudulent insurance claims, assisting the nonlawyer in the unauthorized practice of law, splitting legal fees with the nonlawyer, engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation, and improperly soliciting clients. On February 17, 2000, the Supreme Court of Arizona entered a judgment and order disbarring the respondent in that state pursuant to reciprocal discipline provisions and in light of the Illinois action.

We find further that the respondent has not shown any cause why, under Admis.Disc.R. 23(28)(c), identical reciprocal discipline should not issue in this state for the misconduct found by the supreme courts of Illinois and Arizona. Accordingly, we find that the final adjudication in Illinois and Arizona that the respondent is guilty of lawyer misconduct establishes conclusively the misconduct in this state, and that the imposition of identical reciprocal discipline, pursuant to Admis.Disc.R. 23(28)(c), is warranted.

IT IS, THEREFORE, ORDERED that the respondent, Brian David Alpert, is hereby disbarred. Accordingly, the Clerk of this Court is directed to strike his name from the Roll of Attorneys.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing disbarment.

All Justices concur.